UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ANN B. TRIBBEY, *et al.*, )<br><br>    Plaintiffs, )<br><br>v. )<br><br>NEW YORK LIFE INSURANCE CO., )<br><br>    Defendant. )<br>_____ )<br><br>NEW YORK LIFE INSURANCE )<br>    & ANNUITY CORP., )<br><br>    Counterclaimant, )<br>v. )<br><br>ANN B. TRIBBEY, and )<br><br>ANN B. TRIBBEY, custodian for )<br>    RACHAEL L. WASHINGTON, minor, )<br><br>    Counterdefendants. )<br>_____ ) | Case No. 3:07cv220 |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant New York Life Insurance Company ("Defendant"), by counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer to the Motion for Judgment filed by Plaintiffs Ann B. Tribbey and Ann B. Tribbey as custodian for the minor Rachael L. Washington (collectively, "Plaintiffs"), and states as follows in response to the numbered paragraphs in the Motion for Judgment:

    1.    In response to the allegations in paragraph 1, Defendant states that the Application is a document that speaks for itself.

2.      In response to the allegations in paragraph 2, Defendant states that the Policy is a document that speaks for itself.

3.      In response to the allegations in paragraph 3, Defendant states that the Application and Policy are documents that speak for themselves.

4.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 4.

5.      In response to the allegations in paragraph 5, Defendant states that the Rescission Letter is a document that speaks for itself. Additionally, Defendant admits that Ann Tribbey made a claim for payment for the proceeds of the Policy.

6.      Defendant denies the allegations in paragraph 6.

7.      In response to the allegations in paragraph 7, Defendant states that the Application is a document that speaks for itself.

8.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 8.

9.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 9.

10.     Defendant denies the allegations in paragraph 10.

11.     The allegations set forth in paragraph 11 are denied as stated. Defendant admits only to the utilization of a form titled "Important Notice: Replacement of Life Insurance or Annuities."

12.     In response to the allegations in paragraph 12, Defendant states that the Notice is a document that speaks for itself. Additionally, Defendant denies that the signature on the Notice is not Michael Tribbey's own signature.

2

13.     Defendant denies the allegations in paragraph 13.

14.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 14.

15.     Defendant denies the allegations in paragraph 15.

16.     Defendant denies the allegations in paragraph 16.

17.     Defendant denies the allegations in paragraph 17.

18.     Defendant denies the allegations in paragraph 18.

19.     Defendant denies the allegations in paragraph 19.

20.     Defendant denies the allegations in paragraph 20.

Defendant denies all allegations of the Motion for Judgment that are not specifically admitted and denies that Plaintiffs are entitled to any of the relief requested.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Motion for Judgment fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Motion for Judgment fails to name the proper defendant, as Defendant was not the issuer of the insured's Policy.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Motion for Judgment is barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Motion for Judgment is barred by the doctrine of laches.

3

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Motion for Judgment is barred because the insured made material misstatements that rendered the Policy void *ab initio*.

## COUNTERCLAIM

Counterclaimant New York Life Insurance and Annuity Corporation ("NYLIAC") counterclaims as follows against Plaintiffs/Counterdefendants Ann B. Tribbey and Ann B. Tribbey as custodian for minor Rachael L. Washington (collectively, "Counterdefendants"), as follows:

1.      Counterclaimant NYLIAC is a Delaware corporation with its principal place of business in New York City, New York.

2.      Counterdefendants are, upon information and belief, individual residents of Chesterfield County, Virginia.

3.      This Court's diversity jurisdiction arises from the fact that the parties are citizens of different States, and the value of the matter in controversy exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a).

4.      On or about August 12, 2002, the insured, Michael Bridgeforth Tribbey ("Tribbey") made material misrepresentations on an application for variable universal life insurance (the "Application"). Among other things, Tribbey failed to disclose his history of anxiety, heart palpitations, and hypertension.

5.      Following review of the Application, and in reliance upon Tribbey's statements contained therein, on September 3, 2002, NYLIAC issued Tribbey a Variable Universal Life Insurance Policy No. 63 691 315 in the amount of $100,000.

6.      Upon information and belief, Tribbey died on or about January 2, 2004.

7.      Following the death of Tribbey, Counterdefendants made a claim for payment for the proceeds of the Policy.

8.      In the course of an investigation into the health of Tribbey, NYLIAC discovered that Tribbey failed to disclose material facts about his medical history, including his history of anxiety, heart palpitations, and hypertension.

9.      Given Tribbey's undisclosed medical history, the answers he provided to Questions 14(a) and (b) of the Application are false.

10.     NYLIAC would not have issued Policy No. 63 691 315 to Tribbey had it known of the false statements on Tribbey's Application. Tribbey's false statements were material to the risk NYLIAC assumed in issuing the policy.

11.     Because the false statements made by Tribbey were material misstatements, on June 29, 2004, NYLIAC rescinded Policy No. 63 691 315. Also on June 29, 2004, NYLIAC refunded to the Counterdefendants all the premiums paid by Tribbey, with interest.

WHEREFORE, New York Life Insurance and Annuity Corporation respectfully requests that this Court (1) declare that its rescission of the Policy was valid, and (2) grant it such other and further relief as the Court may deem just and equitable.


Respectfully submitted,

HOLLAND & KNIGHT LLP


_____/s/_____
John P. Rowley III, VSB No. 19804
Jennifer E. Dure, VSB No. 48247
1600 Tysons Blvd., Suite 700
McLean, VA  22102
703-720-8600


5

720-720-8610 (Facsimile)
john.rowley@hklaw.com
jennifer.dure@hklaw.com

*Counsel for Defendant*
*New York Life Insurance Company and*
*Counterclaimant New York Life Insurance*
*and Annuity Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April, 2007, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will then send a notification of

such filing (NEF), to the following:

Charles J. McCall, Esq.
P.O. Box 2131
Midlothian, Virginia 23113
cjmwortraveler@aol.com

I also certify that I sent a copy of the foregoing to above counsel via first-class mail, postage

prepaid.

/s/
Jennifer E. Dure
1600 Tysons Blvd., Suite 700
McLean, VA  22102
703-720-8600
720-720-8610 (Facsimile)
jennifer.dure@hklaw.com

*Counsel for Defendant*
*New York Life Insurance Company and*
*Counterclaimant New York Life Insurance*
*and Annuity Corporation*

6