UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ANN B. TRIBBEY, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>NEW YORK LIFE INSURANCE CO., )<br>)<br>Defendant. )<br>_____ )<br>)<br>NEW YORK LIFE INSURANCE )<br>    & ANNUITY CORP., )<br>)<br>Counterclaimant, )<br>v. )<br>)<br>ANN B. TRIBBEY, *et al.*, )<br>)<br>Counterdefendants. )<br>_____ ) | Case No. 3:07cv220 |

**OPPOSITION TO PLAINTIFFS/COUNTERDEFENDANTS'
MOTION FOR LEAVE TO AMEND MOTION FOR JUDGMENT,
DISMISSAL OF CASE AND REMAND TO STATE COURT**

Defendant New York Life Insurance Company ("NYLIC") and Counterclaimant New York Life Insurance and Annuity Corporation ("NYLIAC"), collectively, "New York Life," by counsel, hereby oppose the Motion for Leave to Amend Motion for Judgment, Dismissal of Case and Remand to State Court (the "Motion") filed by Plaintiffs/Counterdefendants Ann B. Tribbey and Ann B. Tribbey as custodian for the minor Rachael L. Washington (collectively, "Plaintiffs"). The Motion is merely a tactical maneuver to defeat diversity jurisdiction and avoid the consequences of trial by this Court. As explained below, Plaintiffs have until recently been disinterested and disengaged from this case, have allowed multiple discovery deadlines to lapse

and – with an October 1 trial date looming –now belatedly request to join as a defendant a Virginia resident, whose existence they have known all along, for the express purpose of destroying diversity jurisdiction. Plaintiffs' Motion is untimely and improperly motivated and should be denied.

I. BACKGROUND

A. The Motion for Judgment in State Court

Plaintiffs filed a Motion for Judgment in Chesterfield County Circuit Court on March 16, 2007, alleging misrepresentations and forgery in the sale of a variable universal life insurance policy. In part, Plaintiffs allege that NYLIC, through its agent Doreen Cephas,[1] made misrepresentations to induce Michael Tribbey, now deceased, to purchase the policy at issue. Plaintiffs request that the policy be declared valid and enforceable and that "New York Life . . . pay the proceeds of the Policy to the defendants [sic]." (Mot. for J. at 8.) In the Motion for Judgment, Plaintiffs name NYLIC as the sole Defendant.

B. Defendant's Removal to Federal Court

On April 16, 2007, NYLIC filed a Notice of Removal in Chesterfield County Circuit Court and in the Eastern District of Virginia, Richmond Division. As grounds for removal, NYLIC stated that the matter in controversy exceeded the jurisdictional limit and that the parties were diverse: Plaintiffs Ann Tribbey and Rachael Washington are citizens of the Commonwealth of Virginia, and NYLIC is a mutual insurance company with its principal place of business in New York. On April 23, 2007, NYLIC filed its Answer, Affirmative Defenses and Counterclaim. The Counterclaim, which seeks a declaration that rescission of the Policy was

---

[1] Although Ms. Cephas is not named in the Motion for Judgment, her name is listed on two exhibits to the Motion for Judgment: Exhibit A, the application for life insurance; and Exhibit C, the Replacement Notice.

2

valid, was brought in the name of the correct party Defendant, NYLIAC.[2] NYLIAC is a Delaware corporation.

### C. Plaintiffs' Failures to Prosecute and Exercise Diligence

Since the removal of this case to federal court, Plaintiffs have failed to exercise diligence in the prosecution of their claims and have defaulted on NYLIAC's Counterclaim. Specifically, since NYLIC removed this case to federal court, Plaintiffs have:

1. <u>Failed to file an Answer to NYLIAC's Counterclaim.</u> NYLIAC filed its Counterclaim on April 23, 2007. With the additional three days added for service by electronic means pursuant to Rules 5(b)(2)(D) and 6(e), Plaintiffs were required to serve their reply to the Counterclaim no later than May 16, 2007. As of this date, Plaintiffs have failed to deny any of the averments in the Counterclaim.[3] Rule 12(a)(2) provides that "[t]he plaintiff shall serve a reply to a counterclaim in the answer within 20 days after service." When "[a]verments in a pleading to which a responsive pleading is required" are not denied in a responsive pleading, they are deemed admitted. Fed. R. Civ. P. 8(d); see also Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (stating that "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"); Music City Music v. Alfa Foods, 616 F. Supp. 1001, 1002 (E.D. Va. 1985) (holding that a default judgment was appropriate where the defendant "failed to plead or otherwise defend this action"). Plaintiffs' failure to reply to the Counterclaim as required by the Rules entitles NYLIAC, under Rule 12(c), to judgment on its pleadings.

---

[2] As a courtesy to opposing counsel and to conserve the Court's time and resources, counsel for NYLIC and NYLIAC did not file a motion to dismiss but rather informed counsel for Plaintiffs in or about April 2007 that the wrong party had been named as defendant because NYLIAC – not NYLIC – had issued and rescinded the Policy. Counsel for Plaintiffs stated that he would take steps to amend the complaint to reflect the correct party defendant. Plaintiffs have yet to submit a proposed order and have now taken the liberty of changing the caption of the case without leave of Court. Because NYLIC has not been dismissed by the Court, this Opposition will proceed as if NYLIC, and NYLIC alone, is the only Defendant.

[3] Contemporaneous with its filing of this Opposition, NYLIAC has filed a Motion for Judgment on the Pleadings with respect to its Counterclaim.

3

2. <u>Failed to attend the Court-ordered pretrial conference.</u> On May 4, 2007, the Clerk issued a Notice of Pretrial Conference, which was set for May 24 at 9:25 a.m. On May 24, counsel for Plaintiffs failed to appear before Chief Judge Spencer.[4]

3. <u>Failed to file the Court-ordered notice of meet and confer.</u> Pursuant to the Scheduling and Jury Pretrial Order (the "Scheduling Order") entered by the Court on May 24, 2007, counsel for both parties were required, within 30 days of the date of the Scheduling Order, to meet and confer (i) in an effort to enter into written stipulations of facts and (ii) with a view of achieving settlement. (Scheduling Order ¶¶ 6-7.) According to the terms of the Order, counsel for Plaintiffs was to "file a notice within five (5) days of the completion of the meetings required . . . advising of the parties' compliance." (Scheduling Order ¶ 8.) Counsel for both parties did meet and confer via teleconference for those purposes on June 12, 2007. As of this date, counsel for Plaintiffs has failed to file the required notice of the meeting.

4. <u>Failed to identify an expert for their case-in-chief prior to the Court-ordered deadline.</u> Pursuant to the Scheduling Order, Plaintiffs were required to identify any expert witnesses that would support the claims in their case-in-chief, and file a written report pursuant to Rule 26(a)(2)(B), at least 90 days prior to trial. (Scheduling Order ¶ 16.) The paramount allegation in Plaintiffs' complaint is that the signature of the insured, Michael Tribbey, on the notice regarding replacement of life insurance (the "Replacement Notice") is a forgery. Plaintiffs were required by July 3, 2007 to identify any expert to be called to address the allegation. Plaintiffs failed to designate an expert until August 15, 2007, more than one month after the deadline. As of this date, Plaintiffs have yet to file the required expert report.[5]

---

[4] Counsel's failure to appear at the pretrial conference was especially disappointing since counsel for NYLIC and NYLIAC traveled from the Washington, D.C. area to attend the mandated in-person conference.

[5] NYLIAC is filing contemporaneous with this Opposition a Motion to Strike Plaintiffs' Expert pursuant to Rule 37.

5. <u>Failed to respond to NYLIAC's interrogatories and requests for production.</u> On June 22, 2007, NYLIAC propounded its Requests for Admissions, Interrogatories, and First Requests for Production of Documents to Plaintiffs. Plaintiffs' responses were due on July 25, 2007. Plaintiffs served responses to the Request for Admissions on July 22, 2007, but ignored NYLIAC's other discovery requests. As of this date, Plaintiffs have failed to serve responses to NYLIAC's interrogatories and requests for production of documents.

6. <u>Failed to propound discovery prior to the Court-ordered deadline.</u> The Scheduling Order requires that "[n]o interrogatories, requests for production of documents, or requests for admissions shall be propounded later than seventy-one (71) days prior to trial." (Scheduling Order ¶ 12.) In addition, when a deadline falls on a Saturday, Sunday or holiday, "the deadline will be the last business day prior to the Saturday, Sunday, or holiday." (Scheduling Order ¶ 20.) The last day for the parties in this case to propound discovery requests was Friday, July 20, 2007.

While ignoring NYLIAC's discovery requests, Plaintiffs also have disregarded their obligation to file their own requests within the time directed by this Court. Plaintiffs' First Request for Production of Documents was not propounded until the evening of Sunday, July 22, 2007.[6] Under the applicable Rules, NYLIAC's responses would not be due until August 24, 2007, three days after the Court-ordered close of discovery.[7] See Fed. R. Civ. P. 6(e) & 34(b) (providing that parties shall have 30 days in which to respond to requests for production, plus an additional three days where discovery was propounded by electronic means). In addition, Plaintiffs just served a Second Request for Production of Documents on August 4, 2007, more

---

[6] Counsel for Plaintiffs emailed the discovery requests at 6:14 p.m. on Sunday, July 22, 2007.
[7] Under the Scheduling Order, "[d]iscovery for all parties shall be concluded at least forty-one (41) days prior to trial." (Scheduling Order ¶ 12.) Therefore, discovery must be concluded by August 21, 2007.

5

than two weeks after the deadline for propounding discovery. The responses to these requests would not be due until September 6, 2007, more than two weeks after the close of discovery.

7. <u>Repeatedly canceled the scheduled deposition of Plaintiff Ann Tribbey.</u> Counterclaimant NYLIAC initially set the deposition of Plaintiff Ann Tribbey for July 19, 2007. Counsel for Plaintiffs received the Notice of Deposition on July 2, 2007, and immediately sent counsel for New York Life an email stating he would telephone on July 3 regarding the deposition. Undersigned counsel did not hear from counsel for Plaintiffs until she contacted him on July 17 to confirm the deposition two days' hence. At that point, counsel for Plaintiffs stated that Ann Tribbey would not be available for a deposition on July 19. On July 19, counsel for both parties agreed that the deposition of Ann Tribbey would occur on Friday, July 27. On the evening of Sunday, July 22,[8] less than a week prior to the scheduled deposition, counsel for Plaintiffs canceled the deposition for a second time. The deposition finally occurred on August 6, 2007, after being scheduled a third time.

Through the above-referenced inattentiveness, Plaintiffs have put themselves at a disadvantage in this litigation and now seek an improper joinder of a new defendant and a remand to state court to escape the consequences of their inaction.

**D.    Plaintiffs' Belated Motion to Join Additional Parties**

Plaintiffs filed the instant Motion on August 7, 2007. The Motion seeks leave to amend only as to the named defendants by adding Doreen L. Cephas. Plaintiffs assert no additional claims against Ms. Cephas. The only claim for relief thus remains the declaratory judgment that the policy is valid and enforceable, and that "New York Life . . . pay the proceeds of the Policy to the defendants [*sic*]." (Mot. for J. at 8.) Plaintiffs provide no explanation for the requested joinder in the Motion.

---

[8] Counsel for Plaintiffs emailed counsel for New York Life at 10:41 p.m. on Sunday, July 22, 2007.

Plaintiffs' litany of delays and postponements demonstrates that they have filed the Motion solely for the purpose of buying additional time in the half-hearted prosecution of their claims. The Court should therefore deny the Motion and allow the case to proceed as scheduled.

## II. ARGUMENT

After a defendant removes a case to federal court, if "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). It is well settled that the decision whether or not to permit joinder "is committed to the sound discretion of the district court." Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999). District courts, however, "must exercise some caution in deciding to remand a case for lack of complete diversity, as the possibility of depriving a defendant of his statutory right to a federal forum is substantial." Tye v. Costco Wholesale, No. Civ. A. 2:05-CV190, 2005 WL 1667597, *2 (E.D. Va. June 14, 2005); see also Mayes, 198 F.3d at 463 ("emphasiz[ing] that the district court was correct to carefully scrutinize [plaintiff's] attempt to add a non-diverse defendant after removal").

In deciding whether to permit post-removal joinder of non-diverse parties, a district court should consider "all relevant factors," including the following four factors:

> (1) "the extent to which the purpose of the amendment is to destroy federal jurisdiction";
>
> (2) "whether the plaintiff has been dilatory in asking for amendment";
>
> (3) "whether the plaintiff will be significantly injured if amendment is not allowed"; and
>
> (4) "any other factors bearing on the equities."

Mayes, 198 F.3d at 462-63 (citing Coley v. Dragon Ltd., 138 F.R.D. 460, 465 (E.D. Va. 1990)). Where a "plaintiff's motion to join additional parties was motivated solely out of a desire to

7

defeat diversity jurisdiction . . . then it is proper to deny plaintiff's motion to join and to remand." Tye, 2005 WL 1667597 at *3.

### A. The Sole Purpose of the Requested Amendment Is to Destroy Diversity Jurisdiction.

The pleadings in this case demonstrate that Plaintiffs have filed their Motion solely to defeat this Court's jurisdiction and buy themselves additional time in the state court. Courts have denied requests for remand where plaintiffs have failed to set forth "substantive reasons" for joining a non-diverse defendant. See, e.g., Sutton v. Hollywood Entertainment Corp., 181 F. Supp. 2d 504, 508 (D. Md.2002); see also Smith v. Computer Task Group, Inc., No. 1:06CV00907, 2007 WL 1447699, *2-3 (M.D.N.C. May 10, 2007). In Sutton, the Maryland-resident plaintiffs had filed suit in state court against a corporate defendant. Sutton, 181 F. Supp. 2d at 507. After the corporate defendant removed on diversity grounds, plaintiffs filed a motion to join as an additional defendant a Maryland-resident employee of the corporate defendant. Id. The district court denied plaintiffs' motion to join the non-diverse defendant where the plaintiffs could "provide no substantive reasons for which they wish to join [the non-diverse defendant], except that [the non-diverse defendant] . . . committed the underlying tort at issue in the action." Id. at 508 (holding that plaintiffs' motion "appears to be solely for the purpose of destroying subject matter jurisdiction").

Similarly, the plaintiff in Smith failed to assert any substantive reasons for his post-removal motion to join additional non-diverse employees as defendants. Smith, 2007 WL 1447699 at *2 (holding that plaintiff's assertion that a failure to join the non-diverse defendants would bar his recovery against the employer was not correct). The district court also emphasized the fact that plaintiff was not seeking to add the non-diverse defendants "as a result of newly discovered information" − rather, "[a]t the time this action was filed in state court, ... [p]laintiff

8

knew that actions committed by the proposed individual defendants served as the basis for his action against" the diverse corporate defendant. Id. at *2.

Like the plaintiffs in Sutton and Smith, Plaintiffs have provided no substantive reasons for adding Cephas as a defendant. The Motion merely states without explanation that Plaintiffs "move[] this court to grant leave to amend the Motion for Judgment to add a defendant, Doreen L. Cephas, a Virginia resident." (Pl.'s Mot. at 2.) No new claims have been asserted against Ms. Cephas, nor would adding Ms. Cephas as a party in any way affect the relief requested by Plaintiffs (i.e., that the policy be declared valid and enforceable and that "New York Life . . . pay the proceeds of the Policy to the defendants [*sic*].") (Mot. for J. p. 8.)

As explained in section I.C., supra, throughout this removal Plaintiffs have failed to abide by Court-ordered deadlines and procedures. Now, on the verge of the close of discovery, and with less than two months until trial, they have suddenly moved to add a non-diverse party whose existence they have known since before the filing of the initial suit in state court. Because this Motion is clearly contemplated as a means of defeating the Court's subject matter jurisdiction, it should be denied.

**B.      Plaintiffs Have Been Dilatory in Asking for Amendment.**

This lawsuit was filed in state court on March 16, 2007. Yet Plaintiffs have waited nearly five months to seek leave to add this non-diverse defendant. As explained above, Plaintiffs knew the existence and identity of Virginia-resident Ms. Cephas before filing this lawsuit. Ms. Cephas' name is on two exhibits to the Motion for Judgment filed in state court. In fact, Plaintiff Ann Tribbey admitted in her deposition that she and Ms. Cephas were "close like sisters" and that in 2002 Ann Tribbey introduced Ms. Cephas to her son, Michael, so that she could sell him

some insurance products. Plaintiffs can offer no explanation for their considerable delay, other than the close of discovery and fast-approaching trial date.

Plaintiffs have failed to exercise even a modicum of diligence in this matter, as evidenced by the long list in section I.C., supra. Plaintiffs have ignored this Court's well-known goals of celerity and expeditiousness – as well as Local Rule 16(B) stating that "[t]he parties and their counsel are bound by the dates specified in any [scheduling] orders and no extensions or continuances thereof shall be granted in the absence of a showing of good cause." The Court should not reward the Plaintiffs' indolence by granting their diversity-destroying Motion.

### C. Plaintiffs Will Not Be Significantly Injured if Amendment Is Denied.

Plaintiffs will not be injured if the Court denies the amendment. As explained above, the addition of Ms. Cephas as a defendant in this action has no bearing on the claim asserted or the relief requested by Plaintiffs. Under the doctrine of respondeat superior, where an employee is acting within the scope of his employment, the employer is responsible for tortious acts he commits, and the individual employee is not necessary as a defendant. See, e.g., Tye, 2005 WL 1667597, at *6. The addition of Ms. Cephas as a defendant adds nothing to the Plaintiffs' claims in this case.

### D. An Examination of the Equities Weighs Against Joinder.

In considering all the equities, the Court must examine the "significant factor [of] whether the plaintiffs are forum shopping." McCauley v. Purdue Pharma, LP, 172 F. Supp. 2d 803, 809 (W.D. Va. 2001). Plaintiffs have nothing to gain from the addition of Ms. Cephas as a defendant. Indeed, Plaintiffs' understanding of that fact is likely the reason that Ms. Cephas, whose identity has been known since before the initiation of the lawsuit, was not initially named as a defendant. Rather, the only thing Plaintiffs would achieve with the requested joinder would

be a reprieve from the now-past close of discovery and October 1 trial date, as well as a clean slate unblemished by numerous ignored Court-ordered deadlines.

## III. CONCLUSION

For the foregoing reasons, Defendant New York Life Insurance Company and Counterclaimant New York Life Insurance and Annuity Corporation respectfully request that the Court deny Plaintiffs' Motion and allow this case to proceed in this Court as scheduled.

Dated: August 22, 2007

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/
John P. Rowley III, VSB No. 19804
Jennifer E. Dure, VSB No. 48247
1600 Tysons Blvd., Suite 700
McLean, VA 22102
703-720-8600
720-720-8610 (Facsimile)
john.rowley@hklaw.com
jennifer.dure@hklaw.com

Counsel for Defendant
New York Life Insurance Company and
Counterclaimant New York Life Insurance
and Annuity Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF), to the following:

Charles J. McCall, Esq.
P.O. Box 2131
Midlothian, Virginia 23113
cjmwortraveler@aol.com

/s/
Jennifer E. Dure
1600 Tysons Blvd., Suite 700
McLean, VA 22102
703-720-8600
720-720-8610 (Facsimile)
jennifer.dure@hklaw.com

Counsel for Defendant
New York Life Insurance Company and
Counterclaimant New York Life Insurance
and Annuity Corporation