```
                   UNITED STATES DISTRICT COURT FOR THE
                       EASTERN DISTRICT OF VIRGINIA
                            Richmond Division


ANN B. TRIBBEY,                                    )
                                                   )
     Plaintiff,                                    )
                                                   )
                                                   )
v.                                                 )Case No.   3:07cv220
                                                   )
NEW YORK LIFE INSURANCE CO.,                       )
     & ANNUITY CORP.,                              )
                                                   )
     Defendant,                                    )
                                                   )
_____)
                                                   )
NEW YORK INSURANCE                                 )
     & ANNUITY CORP.                               )
                                                   )
                                                   )
     Counterclaimant,                              )
v.                                                 )
                                                   )
                                                   )
ANN B.  TRIBBEY, and                               )
                                                   )
and                                                )
                                                   )
ANN B.  TRIBBEY, custodian for                     )
   RACHAEL L.  WASHINGTON, minor                   )
                                                   )
     Counterdefendants,                            )
                                                   )
_____)
```

**MEMORANDUM IN SUPPORT OF MOTION OF ANN B. TRIBBEY,
INDIVIDUALLY, AND ANN B. TRIBBEY, CUSTODIAN FOR RACHEL L.
WASHINGTON, MINOR, FOR LEAVE TO AMEND MOTION FOR JUDGMENT,
<u>DISMISSAL OF CASE AND REMAND TO STATE COURT</u>**

Ann B.  Tribbey, Individually, and Ann B.  Tribbey, Custodian

for Rachel L. Washington, Minor, pursuant to Rule 15 of the Federal Rules of Civil Procedure, files this memorandum in support of its pending Motion to Amend Motion for Judgment, Dismissal of Case, and Remand to State Court ("Motion") wherein it moves this court to grant leave to add a defendant, Doreen L. Cephas, a Virginia resident; pursuant to U.S.C. §1441(a), dismiss the removal of this case to this court for lack of diversity of citizenship; and, to remand the case to the Circuit Court of Chesterfield, County, Virginia, and in support thereof, states as follows:

BACKGROUND

Doreen Cephas is described in the Motion for Judgment as "acting on behalf of New York Life." Plaintiffs do not know whether at the time of the events described in the Motion for Judgment or in the proposed Amended Motion for Judgment Cephus was an employee of New York Life or an independent agent.

OPPOSITION OF NEW YORK LIFE

New York Life has filed an Opposition to Plaintiffs/Counterdefendants' Motion for Leave to Amend Motion for Judgment, Dismissal of Case and Remand to State Court ("NY Opposition"). New York Life alleges that:

> "[t]he Motion is merely a tactical maneuver to defeat diversity jurisdiction and avoid the consequences of trial by this Court....now belatedly request to join as a

>           defendant a Virginia resident, whose
>           existence they have know all along, for the
>           express purpose of destroying diversity of
>           citizenship.  Plaintiffs' Motion is untimely
>           and improperly motivated and should be
>           denied."[1]

### ARGUMENT

Forman v. Davis, 371 U.S. 178, 83 S. Ct 227, 9 L. Ed. 2d (1962) is the leading case on the trial court's discretion to deny amendment.  The factors described in Forman include: undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment.

1. Undue Delay.  The Motion for Judgment alleges in paragraph 13. that "On information and belief, neither the Application nor the Purported Notice are in Michael Tribbey's handwriting."  At the time of filing the Motion for Judgment Plaintiffs, of necessity, had available to them only the lay opinion of the Plaintiff Ann Tribbey, mother of the deceased, Michael Tribbey, other relatives, and individuals familiar with his signatture.

The Plaintiffs experienced difficulty in finding a document examiner, but did engage one, Anne Smith, Forensic Document Examiner, located in Virgilina, Va. ("Smith").

---

[1] Page 1-2, NY Opposition.

However, while Smith had some documents with known original signatures of Michael Tribbey, Smith only had copies of the Application and the Notice.

All of the material original disputed documents, specifically, the Application and Notice described in the Motion for Judgement, were always in the possession of New York Life and available to a document examiner of their choosing.  Plaintiffs' counsel discussed with Jennifer E. Dure, Esq., one of the counsel for New York Life ("Dure"), making the complete file available at the time of Ann Tribbey's deposition. New York Life's counsel indicated she "would see what she could do".  Plaintiffs' counsel erred in relying on it being made available, rather than filing a request for documents.[2]

By the time of Ann Tribbey's deposition on August 6, at a time Plaintiffs' counsel expected to have the file available, New York Life had filed its Expert Report prepared by Hartford R. Kittel, J.D. ("Kittel") on August 2nd, but not released any documents, let alone the documents he examined. Moreover, New York Life's counsel brought <u>only</u> the original of the Notice to the deposition for viewing but retained possession of it.  Had the documents been available at a time in July when counsel were

---

[2] Plaintiffs' counsel in no manner means to imply that he was mislead by Dure, rather it was an assumption that should not have been made.

discussing their being made available, Plaintiffs would have had time to name an expert and complete a report.

Prior to and continuing at the taking of Ann Tribbey's deposition on August 8, Plaintiffs' counsel was discussing with New York Life's counsel regarding releasing the document to a third party in order for Tribbey's document examiner to examine the same documents as examined by Kittel. On August 8th Plaintiffs' counsel received a list of law firms in the area of Smith's location, Virgilina, Virginia. That list was made available to Dure by email on August 9th.

Although provided the information in a timely manner, New York Life delayed until on or about August 26th in approving a depository for the documents for examination and receiving assurances as to their safekeeping. Those documents were not made available to Smith until August 29 at the law office of Clement & Wheatley, Danville, Virginia ("C&W"), and her examination was to continue into August 30.

The transmittal letter dated August 28, 2007, from Dure to Trevor A. Moe, Esq., the attorney who took personal responsibility for the documents safekeeping on behalf of the law firm of C&W, places no time limits on the examination but only requires that Moe "...return the documents to [Dure] ... immediately after Ms. Smith has compered her examination."

**("Transmittal Letter")**

Despite there being no time constraints in the Transmittal Letter Dure insisted that the documents be returned before Smith had adequate time to complete her examination. Attachment No. 2 to Smith's preliminary report, described in the next section, is a chronological record prepared by Smith concerning receipt and examination of documents at C&W.  Attachment No. 1 to her preliminary report is a chronological record of documents which has been provided to Smith by Plaintiffs' counsel and her efforts to provide a report for filing in this case.

Although the Motion for Judgment alleges the signature on Application and the Notice are in Michael Tribbey's handwriting, Ann Tribbey's deposition testimony clearly indicates in a number of instances that it was not the receipt in early 2004 of the file from New York Life that raised the doubts about the authenticity of Michael Tribbey's signature, but receipt of a copy of the Notice in November 2004 that gave rise to her suspicions.

At her deposition, she was asked by Dure whether she questioned the signature on the Application and Tribbey indicated that until serious doubts were raised in her mind about the signature on the Notice she had not considered it.

## BAD FAITH OR DILATORY MOVE

Attached hereto is Smith's Document Examination Letter of Preliminary Opinion Report ("Preliminary Report") in which she describes the chronological sequence of her involvement in the case and her access to documents.

It also describes in detail her request for document examined by Kittel.

There is no bad faith involved in this Motion. Plaintiffs, despite missing discovery deadlines, have diligently pursued examination of documents and access to documents examined by Kittel. New York Life delayed from August 9th until August 29th, *twenty* days, to make the documents examined by Kittel available to the Plaintiffs, all on the pretense of needing to know more about a law firm on the list and to protect the documents.

Allegations in pleading are one thing, but when substantial expert opinions are developed, as counsel is required to amend pleadings to eliminate claims unsupported by information developed during discovery or received from other sources, likewise, counsel must amend to include claims which have increased significantly in strength due to newly discovered information.

Without a doubt Doreen Cephus was a known individual to Ann Tribbey, they were very close friends, and a potential defendant.

She is equally well known to New York Life.  On or about Wednesday, August 22,$^{nd}$ Plaintiffs' counsel had a telephone conference call with Dure and John P. Rowley, III, Dure's co-counsel ("Rowley") is which Rowley inquired if "we" (interpreted to include Plaintiffs' counsel and Ann Tribbey) knew the location of Cephus, to which Plaintiffs' counsel responded in the negative, but indicated if the information became known it would be shared with them.  Both Dure and Rowley agreed they would do the same.  On or about Monday, August 27th, in a telephone call between Plaintiffs' counsel and Dure the subject came up again and there was no new information exchanged by either on Cephus's location, with the indication continuing that neither knew of her location.

    Whether Cephus was an independent commissioned agent or an employee, it is reasonable to assume that New York Life would be in possession of enough personal information to locate her.  New York Life has represented to Plaintiffs' counsel that it does not know where she is and, implicitly has tried and been unsuccessful in locating her.
Given that New York Life did not initially provide the Notice, which is the initiating event that started this process, the Notice was not part of the insurance policy at issue, and when it was finally produced it had a questionable signature, it is

reasonable to infer that New York Life at some point in time questioned Cephus and made her aware that she is alleged to have forged the document.

Cephus has not only materialized into a viable and valid defendant, she is, to say the least, a material witness, certainly to New York Life. One could further infer that if New York Life wanted Cephus to be involved in this case, in any fashion, it has the ability and resources to find her.

To Plaintiffs' knowledge she is the only person who can provide first hand testimony about the signatures at issue.

Only one conclusion can be drawn from these circumstances, Cephus does not want to be found!

<u>UNDUE PREJUDICE</u>

In the Fourth Circuit, delay alone is not insufficient to deny a motion to amend. <u>Laber v. Harvey</u>, 438 F.3d 404, 426-429 (4th Cir. 2006) (en banc); <u>Pittston Co. V. United States</u>, 199 F3d 694, 706 (4th Cir. 1999); <u>Edwards v. City Goldsboro</u>, 178 F3d 231, 242 (4th Cir. 1999).

<u>Edwards</u> involved a police officer engaging in off-duty self-employment. Amendment of the complaint was sought to add additional facts disclosing examples of Goldsboro City employees engaging in similar activities. The defense argued delay and prejudice. As for prejudice, the City argued that it would have

been required to expend a tremendous amount of time and money through discovery and additional research in order address the new allegation.

With respect to delay:

> Sergeant Edwards counters that the delay was unavoidable, because all of the information that he sought to add was unavailable to him until after his original complaint was filled.
>
> He also counters that the potential for prejudice to the Defendants is lacking because: (1) all of the allegations sought to be added in his first amended complaint derived from evidence obtained during discovery regarding matters already contained in the complaint in some form and, except that the City carried liability insurance, merely added specificity to those matters;...

There is nothing new in the proposed Amended Motion for Judgment. Plaintiffs' suspicions have received more formal confirmation and validation of their lay opinion. There is absolute nothing new in the knowledge of Cephus's involvement except that her "involvement" has taken on a more serious and documented role!

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court grant Plaintiffs' Motion, dismiss the removal, and remand to state court.

Dated: September 1, 2007       Respectfully submitted,

                                                          /s/ Charles J. McCall
                                                          _____
                                                          Charles J. McCall, Esq.
                                                          Virginia Bar No. 17022
                                                          P.O. Box 2131
                                                          Midlothian, Va., 23113
                                                          Phone: 804-305-5904
                                                          No Fax Available
                                                          Email: cjmwortraveler@aol.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the 1st of September, 2007, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jennifer Dure, Esq.
Holland & Knight LLP
1600 Tysons Blvd., Suite 700
McLean, VA 22102
Main 703 720 8600
Direct 703 720 8641
Fax 703 720 8610
Email: jennifer.dure@hklaw.com

                                                          /s/ Charles J. McCall
                                                          _____
                                                          Charles J. McCall, Esq.
                                                          Virginia Bar No. 17022
                                                          P.O. Box 2131
                                                          Midlothian, Va., 23113
                                                          Phone: 804-305-5904
                                                          No Fax Available
                                                          Email: cjmwortraveler@aol.com