UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ANN B. TRIBBEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NEW YORK LIFE INSURANCE CO., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 3:07cv220 |
| NEW YORK LIFE INSURANCE <br>     & ANNUITY CORP., <br><br> Counterclaimant, <br> v. <br><br> ANN B. TRIBBEY, *et al.*, <br><br> Counterdefendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**SUPPLEMENTAL OPPOSITION TO PLAINTIFFS/COUNTERDEFENDANTS'
MOTION FOR LEAVE TO AMEND MOTION FOR JUDGMENT,
<u>DISMISSAL OF CASE AND REMAND TO STATE COURT</u>**

On August 7, 2007, Plaintiffs/Counterdefendants Ann B. Tribbey and Ann B. Tribbey as custodian for the minor Rachael L. Washington (collectively, "Plaintiffs") filed a Motion for Leave to Amend Motion for Judgment, Dismissal of Case and Remand to State Court (the "Motion"). Plaintiffs failed to file a written brief in support of their motion, as required by the well-established practice of this Court and Local Civil Rule 7(F)(1). Despite Plaintiffs' failure, Defendant New York Life Insurance Company ("NYLIC") and Counterclaimant New York Life Insurance and Annuity Corporation ("NYLIAC"), collectively, "New York Life," filed an Opposition on August 22, 2007. Then, on Sunday, September 2, 2007 – nearly one month after

filing their Motion – Plaintiffs filed a "Corrected Memorandum in Support." New York Life, by counsel, hereby renews its opposition to the Motion and counters the unfortunate misrepresentations made in the memorandum (the "Memorandum").

I. **INTRODUCTION**

Nothing in Plaintiffs' untimely Memorandum contradicts the factual and legal assertions in New York Life's August 22 Opposition: Plaintiffs concede in the Memorandum that "[w]ithout a doubt Doreen Cephus [*sic*] was a known individual to Ann Tribbey ... and a potential defendant" and that "[t]here is nothing new in the proposed Amended Motion for Judgment."[1] (See Pls.' Mem. Supp. Mot. 7, 10.) These admissions support New York Life's assertions that the Motion was filed merely as a maneuver to defeat diversity jurisdiction and avoid the consequences of a trial in this Court. As explained in greater detail in New York Life's August 22 Opposition, Plaintiffs have repeatedly failed from the start of this case to abide by the procedural and discovery obligations imposed on parties in this Court. They now seek to avoid the consequences of their failures by pursuing the only option that can deliver them from the October 1 trial date: amendment of the complaint in order to destroy the diversity jurisdiction of this Court and permit, in essence, a "do over" in state court. Plaintiffs' Motion was untimely and improperly motivated and should be denied.

II. **ARGUMENT**

Rather than attempting to refute New York Life's Opposition,[2] Plaintiffs' Memorandum in support of the Motion makes irrelevant, misleading and incorrect assertions about Plaintiffs' untimely expert disclosure. For example, Plaintiffs' Memorandum fails to note that Plaintiffs did

---

[1] Although Plaintiffs reference a "proposed Amended Motion for Judgment," no Amended Motion for Judgment was attached to any of Plaintiffs' pleadings.
[2] Plaintiffs fail to cite or refer to a single case that addresses post-removal joinder of non-diverse parties, which is the paramount legal issue raised by Plaintiffs' Motion.

not request original documents from New York Life until after the deadline for propounding discovery requests had passed. That deadline was July 20, 2007, well after the date on which Plaintiffs were required to designate an expert for their case-in-chief, and Plaintiffs did not serve their First Request for Production of Documents until Sunday, July 22. Plaintiffs did not submit their Second Request for Production of Documents until Saturday, August 4. Plaintiffs failed to file a single timely discovery request in this case.[3] Despite that fact, New York Life, as a professional courtesy, made available numerous photocopied and original documents. Plaintiffs now seek to turn that courtesy against New York Life as a way of deflecting their own negligence.

### A. New York Life Is Not Responsible for Plaintiffs' Failure to Disclose an Expert Prior to the Deadline.

Plaintiffs somehow blame New York Life for their failure to retain an expert by the time required by the Scheduling Order. Plaintiffs vaguely state that they "experienced difficulty in finding a document examiner," without clarifying precisely why they had such difficulty. (See Pls.' Mem. Supp. Mot. 3.) Plaintiffs then assert – apparently with a straight face – that, "[h]ad the [original] documents been available at a time in July when counsel were discussing their being made available, Plaintiffs would have had time to name an expert and complete a report." Id. at 10-11. There are multiple problems with Plaintiffs' representations. First, because the Court ordered Plaintiffs to disclose their expert by July 3, 2007,[4] Plaintiffs would have had to have retained an expert well prior to that date. Second, counsel for the parties were not discussing the availability of original documents "at a time in July." Rather, on July 22 – less than thirty days before the discovery cutoff – Plaintiffs filed their first untimely discovery requests, one request of which was that New York Life make available the original Replacement

---

[3] Plaintiffs served no interrogatories or requests for admissions and noticed no depositions.
[4] July 3, 2007, is ninety (90) days prior to trial.

3

Notice. No discussion of those untimely requests occurred until Saturday, August 4, when counsel for Plaintiffs emailed counsel for New York Life to ask if she would bring the original Replacement Notice – as well as other documents never before requested either in written discovery requests or in oral communications between counsel – to the twice-rescheduled deposition of Ann Tribbey on August 6. As of August 6, Plaintiffs had not retained an expert. (See Tribbey Dep. p. 34 ln.1-3, attached hereto as Exhibit A.) Clearly, New York Life cannot be held at fault for Plaintiffs' dawdling or delay in finding an expert.

### B. Plaintiffs' Failure to Promptly Ensure Adequate Safeguards of Original Documents Is Not the Fault of New York Life and Has No Bearing on Plaintiffs' Motion.

Following Tribbey's deposition, counsel for both parties discussed making various original documents within the possession of both parties available for examination. Even though Plaintiffs had not filed a timely discovery request, and even though Plaintiffs' responses to New York Life's timely filed discovery requests were still outstanding,[5] on August 8 New York Life agreed to make original documents available to Plaintiffs so that an expert could examine them. It did so without waiving its right to object to Plaintiffs' failure to disclose its expert as required.

When New York Life offered to make the original documents available at the McLean office of its counsel, Plaintiffs stated that their expert was near South Hill[6] and would not travel to McLean. Plaintiffs' counsel then requested that, for his expert's convenience, New York Life send its original documents to an attorney's office near South Hill.[7] On August 9, Plaintiffs' counsel emailed undersigned counsel a list of law firms in or near South Boston that would be

---

[5] As explained in greater detail in NYLIAC's Motion to Compel and Memorandum in Support filed on August 28, 2007, NYLIAC filed its discovery requests on June 22, 2007. Plaintiffs filed no objections, and thus were required to serve responses on July 25, 2007. As of this date, Plaintiffs have still failed to answer any interrogatories or serve any responses to requests for production.

[6] Plaintiffs did not disclose the identity of their expert at this time.

[7] Plaintiffs' counsel later changed the location to South Boston. Eventually, the documents were sent to a law firm in Danville.

4

convenient for his expert. Again, as a professional courtesy, New York Life agreed to send New York Life's original documents to Danville law firm Clement & Wheatley. Because the documents were the only originals in existence, however, New York Life demanded that some simple safeguards be agreed to. Those few precautions were as follows: (1) the original documents would be sent to an attorney; (2) the attorney would agree to take custody of the original documents while they were outside of undersigned counsel's office; (3) the original documents would be examined by the expert in the presence of the attorney and would not leave the law firm's office; and (4) the original documents would be returned following the expert review. These requirements were emailed to Plaintiffs' counsel on August 16, 2007. (See Exhibit B, attached hereto.) That August 16 email also clearly reiterated that New York Life was producing documents "without waiver of its prior objections to the untimeliness of plaintiffs' discovery requests or the motion to strike it intends to file based on [Plaintiffs'] failure to identify experts within the time directed by the Court." See Exhibit B.

Plaintiffs did not respond until the evening of August 20,[8] when Plaintiffs' counsel forwarded to undersigned counsel a letter from Plaintiffs' expert Anne Smith. (See Exhibit C, attached hereto.) Contrary to the simple request made by New York Life, the letter indicated that New York Life's original documents should be sent not to an attorney but to an office manager at Clement & Wheatley. Id. The letter further stated that the office manager would be taking custody of the documents. Id. The letter listed nine different attorneys but did not indicate that any of them would be the custodian of the original documents, responsible for safeguarding them as requested. Id.

By email dated August 21, undersigned counsel reiterated the previously explained terms of making the original documents available outside of Holland & Knight's McLean office for the

---

[8] Plaintiffs' counsel emailed the undersigned counsel on August 20, 2007 at 8:14 p.m.

convenience of Plaintiffs' expert. Three days later, on Friday, August 24, Plaintiffs counsel forwarded to the undersigned an email dated August 23 from an attorney with Clement & Wheatley, Trevor Moe. Mr. Moe stated in his email that he would take appropriate measures to safeguard the original documents and would be present during Ms. Smith's examination. He also confirmed that the documents would not leave Clement & Wheatley's Danville office and that he would return the original documents to Holland & Knight.

On Monday, August 27, Plaintiffs' counsel contacted counsel for New York Life to determine whether Mr. Moe's custodianship would meet New York Life's requirements and whether the original documents could be shipped to Clement & Wheatley. Plaintiffs' counsel at that time stated that Ms. Smith's schedule would allow her to examine the documents on August 29 and 30. Plaintiffs' counsel also sent counsel for New York Life an email reiterating that Ms. Smith would be ready to examine the documents on Wednesday, August 29. (See Exhibit D, attached hereto.) Given Ms. Smith's availability beginning on August 29, counsel for New York Life sent the original documents, as well as the photocopied documents examined by Mr. Kittel, to Mr. Moe at Clement & Wheatley for earliest arrival on August 29.

It is clear, then, that Plaintiffs have not – as they claim in the Memorandum – "diligently pursued examination of documents." (See Pls.' Mem. Supp. Mot. 7.) In fact, Plaintiffs have exercised little if any diligence at all in this case. As explained in greater detail in New York Life's initial Opposition to this Motion filed on August 22, Plaintiffs have ignored or missed numerous deadlines and Court-ordered requirements. Plaintiffs now belatedly request that the Court in essence forgive their disinterest in this case and permit them to start almost anew in the state court. Because Plaintiffs do not provide any reasons justifying their request to now name

6

Doreen Cephas as an additional defendant and destroy this Court's jurisdiction, their Motion should be denied.

## III. CONCLUSION

For the foregoing reasons, Defendant New York Life Insurance Company and Counterclaimant New York Life Insurance and Annuity Corporation respectfully request that the Court deny Plaintiffs' Motion and allow this case to proceed in this Court as scheduled.

Dated: September 4, 2007

Respectfully submitted,

HOLLAND & KNIGHT LLP

_____/s/_____
John P. Rowley III, VSB No. 19804
Jennifer E. Dure, VSB No. 48247
1600 Tysons Blvd., Suite 700
McLean, VA 22102
703-720-8600
720-720-8610 (Facsimile)
john.rowley@hklaw.com
jennifer.dure@hklaw.com

Counsel for Defendant
New York Life Insurance Company and
Counterclaimant New York Life Insurance
and Annuity Corporation

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF), to the following:

Charles J. McCall, Esq.
P.O. Box 2131
Midlothian, Virginia 23113
cjmwortraveler@aol.com

/s/
Jennifer E. Dure
1600 Tysons Blvd., Suite 700
McLean, VA 22102
703-720-8600
720-720-8610 (Facsimile)
jennifer.dure@hklaw.com

Counsel for Defendant
New York Life Insurance Company and
Counterclaimant New York Life Insurance
and Annuity Corporation